No. 13,015.

MONROE BUILDING AND LOAN ASSOCIATION VS. D. A. JOHNSTON, SHERIFF,
ET AL.

SYLLABUS.

(1) When the injunction has ceased to be operative before the suit is tried and the party enjoined has by third opposition obtained the proceeds of the property he sought to subject to his execution when it was enjoined, the court in dissolving the injunction is not warranted in imposing on plaintiff in injunction the maximum of twenty *per cent.* damages under Article 304 of the Code of Practice.

(2) The unpaid vendor of machinery has the right to seize and sell the machinery, although it may have been attached to and has become part of the immovable that is mortgaged. 32nd Ann. 1285 ; 49th Ann. 1044.

ON APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Millsaps, Judge ad hoc.* .

*Hudson, Potts & Bernstein,* (C. J. Boatner of Counsel) for Plaintiff and Appellant.

A. A. *Gunby* for Defendants and Appellees.

Argued and submitted January 30, 1899.
Opinion handed down February 20, 1899.

The *opinion* of the court was delivered by

MILLER, J.  The appeal is by plaintiffs from the judgment condemning them to pay damages caused, it is claimed, by an injunction issued by them to restrain the sale of property under the writs of one of the defendants, the plaintiffs having a special mortgage on the property.

The defendants, the J. A. Fay & Egan Company, had furnished the Ouachita Excelsior Saw & Plaining Mills certain machinery which attached to the mill plant, became immovable by destination.  The debt for the machinery being unpaid, the Egan Company obtained judgment for the debt, with privilege on the machinery, and were about selling the machinery under their execution as they had the right to do.  The plaintiffs, the Monroe Building and Loan Association, were creditors, with a special mortgage on the mill property, the mortgage including the machinery, subject, of course, to the privilege of the vendor.  The plaintiff enjoined the sale of the machinery. Subsequently the property was seized and sold under the writ of the Monroe National Bank, and the Egan Company on their third opposition claimed and were paid all the proceeds of sale realized from the machinery.  After all this, the injunction suit came on for trial, and the plaintiffs' injunction was dissolved with two hundred and fifty dollars damages as the fee of the attorney of the defendant in injunction, and from that judgment the plaintiffs appeal.

The basis for the injunction was that the plaintiffs, mortgage creditors of the Mill Company, apprehended that their security, i. e., the mortgage on the entire mill property, would be depreciated by a sale of the machinery separate from the plant of the mill company.  But it is clear  the Fay Company had the right to seize and sell the ma-

chinery they had sold and on which they had a privilege for the unpaid price. Carlin vs. Gordy, 32nd Ann. 1285; Walburn-Swenson Co. vs. Darrell, 43th Ann. p. 1044. The judgment of the lower court, therefore, properly dissolved the injunction. Nor do plaintiffs question in this court the judgment dissolving the injunction, Their complaint is of the allowance of two hundred and fifty dollars damages for the attorney's fees.

The injunction was wrongfully issued, but subsequently the defendants in injunction obtained on their third opposition, the proceeds of sale of the machinery they had sold. The injunction as an interference with defendants' privilege and consequent right to the proceeds of the machinery, had ceased to operate when the injunction was dissolved. The third opposition had accomplished all that could have been obtained by the execution of the Egan Company enjoined by plaintiff. Damages on the dissolution of the injunction are given on the theory that the injunction has stayed the enforcement of the rights of the execution creditor, the defendant in injunction. Code of Practice, Article 304. In this case the injunction stayed the defendants' execution only for a brief time, and they waived their right to proceed on the execution by filing the third opposition, on which they obtained the proceeds of the machinery. The defendants could not claim the maximum damages permitted by the Code on the dissolution of injunctions, when before the dissolution is decreed, the right to the execution is waived and the fruits of the execution have been realized in another mode. In view of the fact that defendants were enjoined from the enforcement of a legal right and thus compelled to employ counsel, and in view of the operation of the injunction for a limited time, i. e., until defendants resorted to the third opposition, in our opinion, an allowance of one hundred and fifty dollars for the fee of the attorney for defendant would be proper.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to allow one hundred and fifty dollars attorney's fee instead of two hundred and fifty dollars, in which respect, i. e., allowing two hundred and fifty dollars, be and is hereby reversed and avoided, and in other respects the judgment be and is hereby affirmed, with costs of the lower court to be paid by plaintiffs in injunction, those of the appeal by defendants.